term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation." The transaction here in question is of the general character of a merger. The property acquired by the new corporation was not to be paid for with money, but through a continued interest in the property and business transferred. The Tampa Box Company did acquire 67½ per cent., more·than a majority, of the voting stock and all other classes of stock of the new corporation by the transaction. There was a reorganization under the first parenthetical instance of a merger above quoted.

Equally, though perhaps not so clearly, there was a reorganization also under the second parenthetical instance; for at the same time that Tampa Box Company was acquiring a majority of the stock of the Leiman-Weidman Box Company, the latter acquired "substantially all of the properties" of the Tampa Box Company. Note that the statutory expression is "properties," not assets. All the properties of Tampa Box Company useful in its business, including such cash as was needful for working capital, were transferred entire to the new corporation with intent that the business be continued. The surplus cash assets, though property in a broad sense, were such as might have been paid out as an ordinary cash dividend before the transfer, and were not a substantial part of the business "properties" of the Tampa Box Company. So that even if Tampa Box Company's stock acquisition had been less than a majority, there would still have been a reorganization of Tampa Box Company under the last clause of the definition. Compare Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L. Ed. 284; Nelson Co. v. Helvering, 296 U.S. 374, 56 S.Ct. 273, 80 L.Ed. 281; G. & K. Mfg. Co. v. Helvering, 296 U.S. 389, 56 S. Ct. 276, 80 L.Ed. 291.

Therefore, by the definitions quoted from the statute the transaction was a reorganization and both corporations were parties to it. The stock in the Leiman-Weidman Box Company which Tampa Box Company acquired in the reorganization and distributed to Gross as its shareholder in pursuance of the plan of reorgan-

ization realized no gain to him. The law considers that there has been no real sale and that Gross still has that much of his original investment in substantially the same business. We think the Board reached a wrong conclusion, and that taxation of Gross for a gain on his investment must wait on some conversion by him of his new stock. The judgment is reversed with direction to correct the tax assessed in accordance with this opinion.

---

**Roland A. WILSON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 8242.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1937.

P. Robert G. Sjostrom, of Miami, Fla., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Pursuant to the joint stipulation executed September 4, 1936, for the consolidation of this case with the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, Respondent (C.C.A.) 88 F.(2d) 567, and the motion filed by petitioner to enter the same judgment in the above-entitled and numbered cause as was entered by this court in the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, on March 2, 1937, it is now here ordered, adjudged, and decreed by this court that the judgment of the said United States Board of Tax Appeals in this cause be, and the same is hereby, reversed with direction to correct the tax

570

assessed in accordance with the opinion of this court rendered on March 2, 1937, in the case of David Gross, Petitioner, v. Commissioner of Internal Revenue, respondent.

Margaret LEIMAN, Executrix of the Estate of Henry Leiman, deceased, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8243.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1937.

P. Robert G. Sjostrom, of Miami, Fla., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Pursuant to the joint stipulation executed September 4, 1936, for the consolidation of this case with the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, Respondent (C.C.A.) 88 F.(2d) 567, and the motion filed by petitioner to enter the same judgment in the above-entitled and numbered cause as was entered by this court in the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, on March 2, 1937, it is now here ordered, adjudged, and decreed by this court that the judgment of the said United States Board of Tax Appeals in this cause be, and the same is hereby, reversed with direction to correct the tax assessed in accordance with the opinion of this court rendered on March 2, 1937, in the case of David Gross, Petitioner, v. Commissioner of Internal Revenue, Respondent.

W. J. LEIMAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8244.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1937.

P. Robert G. Sjostrom, of Miami, Fla., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Pursuant to the joint stipulation executed September 4, 1936, for the consolidation of this case with the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, Respondent (C.C.A.) 88 F.(2d) 567, and the motion filed by petitioner to enter the same judgment in the above-entitled and numbered cause as was entered by this court in the case entitled David Gross, Petitioner, v. Commissioner of Internal Revenue, on March 2, 1937, it is now here ordered, adjudged, and decreed by this court that the judgment of the said United States Board of Tax Appeals in this cause be, and the same is hereby, reversed with direction to correct the tax assessed in accordance with the opinion of this court rendered on March 2, 1937, in the case of David Gross, Petitioner, v. Commissioner of Internal Revenue, Respondent.